**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OSCAR DANILO AVALOS (A No. 249-327-794),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-02599-JLT-EPG<br><br>ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; DENYING RESPONDENTS' MOTION TO DISMISS; AND ORDERING PETITIONER'S IMMEDIATE RELEASE<br><br>(Docs. 1, 11) |

Oscar Danilo Avalos is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (*See* Doc. 6.) In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition for writ of habeas corpus and **DENIES** Respondents' motion to dismiss.[1] (Doc. 11.)

---

[1] Respondents move to strike and dismiss all unlawfully named officials. (Doc. 11.) "[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Ninth Circuit has "affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees." *Doe v. Garland*, 109 F.4th 1188, 1199 (9th Cir. 2024). Although *Doe* held that "Padilla set forth a clear rule requiring core habeas petitioners challenging their present physical confinement to name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition," 109 F.4th at 1197, *Doe* did not necessarily preclude naming more than one respondent so long as the immediate custodian is named. Given that Petitioner has

## I.      FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a from Nicaragua who entered the United States in or about March 2024, where he was encountered by federal immigration officials near Yuma, Arizona. (Doc. 10 at 14.) Petitioner was processed for expedited removal-credible fear. (*Id*.) On March 5, 2024, an asylum officer with United States Citizenship and Immigration Services interviewed Petitioner regarding his credible fear. (*Id*.) On March 10, 2024, the asylum officer found Petitioner did not have a credible fear. (*Id*.) Petitioner asked for judicial review of the asylum officer's negative credible fear finding. (*Id*.)  On March 17, 2026, an Immigration Judge vacated the asylum officer's decision and found Petitioner had a credible fear of return to Nicaragua. (Doc. 10 at 22.) On that same date, immigration officials issued Petitioner a Notice to Appear and released Petitioner. (Doc. 10 at 9.) On January 27, 2026, Petitioner was apprehended and detained by Immigration and Customs Enforcement. (Doc. 1 at 7.) Petitioner claims to have "no criminal history."  (*Id*. at 8.) There is also no indication in the record that Petitioner presents a flight risk or danger. (*See* Docs. 1, 10.) Respondents offer no evidence or argument to the contrary. (*See* Doc. 10.) Petitioner is detained at the Golden State Annex Detention Facility in McFarland, California. (Doc. 1.)

On April 6, 2026, Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) On April 22, 2026, Respondents filed a response to the habeas petition on the grounds that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b). (Doc. 10.)

## II.      LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R.*

named his immediate custodian as a Respondent, the Court **DENIES** Respondents' motion to dismiss.

*P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### III.    DISCUSSION

Petitioner claims that his ongoing detention without notice and a pre-deprivation hearing before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth Amendment. (*See generally*, Doc. 1.) To the extent that Respondents substantively address Petitioner's due process argument, they assert that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b) of the INA and therefore categorically ineligible for a bond hearing. (*See generally*, Doc. 8.) Courts nationwide, including this one, have rejected Respondents' legal position and found the DHS policy unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner. Therefore, for the reasons stated in this Court's prior orders, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

### IV.    CONCLUSION AND ORDER

1.    The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY**.

2.    Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the

government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[2];

   3.   The Clerk of Court is directed to serve Golden State Annex Detention Facility in McFarland, California, with a copy of this Order.

   5.   The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

   Dated:   **May 15, 2026**

_____
UNITED STATES DISTRICT JUDGE

---

[2] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.